TRINETTE G. KENT (State Bar No. 025180)
KENT LAW OFFICES
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone:  (480) 247-9644
Facsimile:  (480) 717-4781
E-mail: tkent@kentlawpc.com

Of Counsel to:
Michigan Consumer Credit Lawyers
22142 West Nine Mile Road
Southfield, MI 48033
Telephone:  (248) 353-2882
Facsimile:  (248) 353-4840

*Attorneys for Plaintiff,*
*Gary Quinones*

## IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gary Quinones, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| I.C. System, Inc., | |
| a Minnesota corporation, | **JURY TRIAL DEMAND** |
| Defendant. | |

1

NOW COMES THE PLAINTIFF, GARY QUINONES, BY AND THROUGH COUNSEL, TRINETTE G. KENT, and for his Complaint against the Defendant, pleads as follows:

## JURISDICTION

1. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

## VENUE

2. The transactions and occurrences which give rise to this action occurred in the City of Surprise, Maricopa County, Arizona.

3. Venue is proper in the District of Arizona, Phoenix Division.

## PARTIES

4. The Defendant to this lawsuit is I.C. System, Inc., which is a Minnesota corporation that maintains its registered agent in the City of Phoenix, in Maricopa County, Arizona.

## GENERAL ALLEGATIONS

5. On or about May 1, 2015, Plaintiff obtained his credit files and noticed that Defendant reported an alleged debt with account 8134425XXXX in the amount of $418.00 for a debt allegedly owed to T-Mobile USA (the "Debt").

2

6.  On or about January 26, 2016, Mr. Quinones submitted a letter to Defendant, disputing the alleged Debt.

7.  The following companies obtained Mr. Quinones' Equifax credit file via a hard inquiry after his dispute letter was sent to Defendant:

    a.  March 29, 2016-Nova Home Loans;
    b.  April 8, 2016-Homeowners Financial;
    c.  April 15, 2016-Universal America; and
    d.  September 16, 2016-Universal America.

8.  The following companies obtained Mr. Quinones' Equifax credit file via a soft inquiry after the dispute letter was sent out:

    a.  February 1, 2016-Fingerhut/Webbank;
    b.  March 1, 2016-Fingerhut/Webbank;
    c.  April 1, 2016-Farmers Insurance Group;
    d.  April 4, 2016-All State Insurance;
    e.  April 6, 2016-Farmers Insurance Group;
    f.  April 25, 2016-Fingerhut/Webbank;
    g.  May 13, 2016-National Farmers Union;
    h.  May 23, 2016-Allstate;
    i.  June 27, 2016-Fingerhut/Webbank;
    j.  July 6, 2016-Geneva Financial Services;
    k.  July 8, 2016-Conn Credit Corp.;
    l.  July 26, 2016-Allstate;
    m. August 30, 2016-Capital One;
    n.  September 17, 2016-Credit Karma, Inc.
    o.  September 27, 2016-Capital One; and
    p.  October 12, 2016-US Dept of Housing.

9.  On or about September 21, 2016, Mr. Quinones obtained his Equifax credit file and noticed that Defendant failed to flag the alleged Debt as in dispute, in violation of the FDCPA.

10. On or about October 19, 2016, Mr. Quinones obtained his Equifax credit file again and noticed that Defendant continued to report the alleged Debt without indicating that it was in dispute status, in violation of the FDCPA.

## COUNT I-VIOLATION OF

## THE FAIR DEBT COLLECTION PRACTICES ACT

9. Plaintiff reincorporates the preceding allegations by reference.

10. At all relevant times, Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

11. Plaintiff is a "consumer" for purposes of the FDCPA, and the account at issue in this case is a consumer debt.

12. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

13. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the FDCPA:

    a. 15 U.S.C. §1692e(2)(A) by misrepresenting the character, amount, or legal status of any debt. Defendant did this when it failed to indicate that the status of the alleged Debt was that it was in dispute.

    b. 15 U.S.C. §1692e(8) by communicating or threatening to communicate to any person credit information which is known or which should be known

to be false, including the failure to communicate that a disputed debt is disputed. Defendant did this when it continued to report the alleged Debt without flagging it as in dispute on Plaintiff's Equifax credit file after many companies obtained his Equifax credit file.

14. Plaintiff has suffered economic, emotional, general, and statutory damages as a result of these violations of the FDCPA.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Defendant for actual damages, costs, interest, and attorneys' fees.

## DEMAND FOR JUDGMENT RELIEF

Accordingly, Plaintiff requests that the Court grant him the following relief against the Defendant:

a. Actual damages;

b. Statutory damages; and

c. Statutory costs and attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED: November 18, 2016

5

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KENT LAW OFFICES


By: _ /s/ Trinette G. Kent _
Trinette G. Kent
Attorneys for Plaintiff,
Gary Quinones